Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CARIBBEAN BLUES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEIN DISTRIBUTION CORPORATION., ET AL., <br><br> Defendants. | Case No. 2:23-cv-04225-DSF-MAR <br> *Hon. Dale S. Fischer Presiding* <br><br> *Referred to Hon. Margo A. Rocconi* <br><br> *DISCOVERY MATTER* <br><br> **DECLARATION OF KELSEY M. SCHULTZ, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND DOCUMENTS FROM DEFENDANTS; REQUEST FOR SANCTIONS IN THE AMOUNT OF $ .** <br><br> **Date:   June 5, 2024** <br> **Time:   11:00 a.m.** <br> **Room:  790** |

# DECLARATION OF KELSEY M. SCHULTZ, ESQ.

I, Kelsey M. Schultz, Esq., declare that I am above eighteen (18) years of age and am competent to give the testimony set forth below. Said testimony is given from my own personal knowledge. If called as a witness, I could and would competently and truthfully testify as set forth below. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am a partner at Doniger / Burroughs PC, which represents Plaintiff Caribbean Blues, Inc. d/b/a EKB Textiles in its case against Shein Distribution Corporation.

1. On February 15, 2024, Plaintiff served interrogatories, requests for production of documents, and requests for admission on each of Defendant. There were no extensions granted and Defendant's responses were due on March 18, 2024.

2. To date, Defendant has not served its initial disclosures, any written responses, and has only produced 20 documents reflecting agreements with its factories.

3. Specifically, Defendants failed to provide documents regarding the scope of Defendant's allegedly infringing conduct, the revenue earned from Defendant's conduct, and provenance of the offending artwork.

4. Defendant also failed to provide substantive responses to Plaintiff's Special Interrogatories and Requests for Admission. Specifically, Defendants failed to provide information regarding the creation of accused products, scope of Defendant's allegedly infringing conduct and the revenue earned from said conduct, specifications for the manufacture of the allegedly infringing garments, and the origination of the allegedly infringing design on the garments.

5. On March 25, 2024, I sent correspondence to Defendant's counsel, inquiring when Plaintiff could anticipate receiving Defendant's responses. I further requested counsel to confirm that his client would serve responses and documents by April 1, 2024, and if not, to provide availability between Mary 27-April 5.

Attached as **Exhibit A** is a true and correct copy of my firm's email to Defendants' counsel.

6. Having not received a response from Defendant's counsel, I sent another email requesting the Defendant confirm it would produce documents by April 9, 2024. Attached as **Exhibit B** is a true and correct copy of my firm's email correspondence.

7. Again, having not received a response, on April 11, 2024, I informed Defendant's counsel that a discovery conference with the Magistrate Judge was necessary and requested that Defendant provide its input to a draft email to the Courtroom Deputy Clerk no later than April 15, 2024. Attached as **Exhibit C** is a true and correct copy of my firm's email correspondence.

8. Plaintiff's April 11, 2024 email went unanswered, and on April 16, 2024, I contacted Judge Rocconi's chambers to request and discovery conference. Attached as **Exhibit D** is a true and correct copy of my firm's email correspondence.

9. On April 18, 2024, defense counsel responded to Plaintiff's continued request to meet and confer stating that the twenty contracts produced "included all the documents responsive to your discovery requests in our client's possession" and that Defendant intended "to serve supplemental written responses next week." To date, no responses have ever been served. Attached as **Exhibit E** is a true and correct copy of defense counsel's email correspondence.

10. On April 23, 2024, rather than serve written responses as represented and produce responsive documents to Plaintiff's requests, defense counsel wrote multiple times asking for my firm to send a list of what information Plaintiff requested. In response, I again informed Defendant that it had not served any written responses nor the majority of responsive documents as it had only produced 20 contracts with its suppliers. In response to counsel's continued demand of a list of items to produce, I responded that "The documents requested in

our requests for production are what we need." Attached as **Exhibit F** is a true and correct copy of my correspondence with defense counsel from April 23.

11. After I followed up with Judge Rocconi's chambers, the parties were informed that Judge Rocconi encouraged the parties to meet and confer further, and to the extent that a motion to compel was necessary, the parties had leave to file without participating in a discovery conference. Attached as **Exhibit G** is a true and correct copy of my email correspondence with Judge Rocconi's chambers on April 25, 2024.

12. That same day, Stephen Doniger of my firm wrote defense counsel again requesting that it provided written responses and produce all documents by April 30, 2024 – more than six weeks after they were originally due. Attached as **Exhibit H** is a true and correct copy of my email correspondence.

13. In response to Mr. Doniger's email, defense counsel confirmed that it was flouting its discovery obligations because it believed it would prevail on Defendant's motion for summary judgment, writing: "as im [sic] sure you're aware we are going to request fees after prevailing on our MSJ. The more work we are forced to do the more in fees we're going to request from your client so please advise your client if they really want to pursue discovery at this time." Attached as **Exhibit I** is a true and correct copy of defense counsel's email correspondence.

14. On April 30, 2024, having not received responses or documents I emailed drafts of the instant motion and supporting documents. Attached as **Exhibit J** is a true and correct copy of my email correspondence.

15. On May 9, 2024, Defendants completed and sent their portion of the joint motion to compel and supporting declaration. Attached as **Exhibit K** is a true and correct copy of defense counsel's email correspondence.

1. I spent 10.5 hours on this discovery dispute. I am a fifth-year associate at the law firm Doniger Burroughs with a relevant billing rate is $430.00. Thus, our client incurred $4,515.00 in fees related to this dispute.

1    I solemnly swear and declare under penalty of perjury and the laws of the

2    United States of America that the foregoing is true and correct.

3    Executed in Venice, California on May 10, 2024.

4

5                                        By:    */s/ Kelsey M. Schultz*

6                                               Kelsey M. Schultz Esq.
                                               Declarant
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KELSEY M. SCHULTZ, ESQ.